# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Kirk Lewis,**<br>Defendant/Movant | CV-08-2084-PHX-DGC (JRI)<br>CR-06-0466-002-PHX-DGC<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 10, 2008 (#1). On April 7, 2009 Respondent filed its Response (#10). Movant filed a Reply on April 22, 2009 (#11).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A. FACTUAL BACKGROUND & PROCEEDINGS AT TRIAL

On May 3, 2006, Movant and two co-defendants were indicted (CR#7) on one count of bank robbery. The charges stemmed from the robbery of a Wells Fargo Bank in Tempe, Arizona on April 28, 2006. (*Id.*)

On October 18, 2006, Movant entered into a written Plea Agreement (Exhibit I), wherein he agreed to plead guilty to the sole count of the indictment, in exchange for an

agreement that Movant would not be sentenced to more than 84 months in prison. (Exhibits to the Response, #10, are referenced herein as "Exhibit ___.") That plea agreement also included the following provision:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with the agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(*Id.* at 3.)

Movant appeared before District Judge Campbell on the same day, and entered a plea of guilty pursuant to the plea agreement. (Exhibit II, R.T. 10/18/6.) The Court interrogated Movant about the waiver:

> THE COURT: The plea agreement - - pardon me. The plea agreement also says that you're giving up your right to appeal or collaterally attack my decision. That means that if I enter a sentence that is consistent with the plea agreement, there will be no other court you can go to to get my sentence changed. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: Are you willing to give up your right to appeal or collaterally attack my decision in this case?
> THE DEFENDANT: Yes.

(*Id.* at 9.)

Movant filed a Sentencing Memorandum (Exhibit III) acceding to the PreSentence Investigation Report's calculation of a guidelines range of 70 to 87 months, and seeking a sentence lower than the guidelines based on Movant's difficult childhood, and non-violent nature.

Movant appeared for sentencing on January 29, 2007, and was sentenced to a prison term of 84 months. (Exhibit IV, R.T. 1/29/7 at 11-12; CR#65.)

//

//

## B. PROCEEDINGS ON DIRECT APPEAL

Movant did not file a direct appeal.  (Motion, #1 at physical 2.)

## C. PRESENT FEDERAL HABEAS PROCEEDINGS

Movant commenced the present federal habeas proceeding by filing his Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255 on November 10, 2008.  Movant asserts the following four grounds for relief:

1.  that the U.S. Sentencing Commission's Amendment 709 to the U.S. Sentencing Guidelines[1] is a "clarifying" amendment that applies retroactively to his case and reduces his criminal history category;

2.  that under *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2004) (waiver of appeal rights irrelevant to ineffective of assistance claim based on failure to file appeal), his attorney rendered ineffective assistance by disregarding Movant's instructions to file a notice of appeal;

3.  that counsel was ineffective for failing to follow up on Movant's request to mount a "pre-709 amendment" challenge to his criminal history points;

4.  that the Court should reduce his criminal history category resulting in a sentencing range of from 63 to 78 months based upon Amendment 709.

On April 7, 2009, Respondent filed its Response (#10), arguing:

1.  Movant's claims are barred by his waiver of his collateral attack rights (*id.* at

---

[1] Amendment 709 modified U.S.S.G. § 4A1.2, which previously directed that "related cases" be treated as a single offense to avoid overstating a defendant's criminal history.  The Amendment disposed of the difficult to apply and ambiguous "related cases" standard. "Section 4A1.2(a)(2) now provides that, if the prior offenses were not separated by an intervening arrest, they are to be counted separately 'unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.'" *U.S. v. Marler,* 527 F.3d 874, 878 (9th Cir. 2008).  Movant's criminal history included two separate bank robberies committed on different dates and in different locations, but which were prosecuted in a single trial and sentence.  Under the old guidelines, they were not considered related. Under Amendment 709, they would be considered related because "the sentences were imposed on the same day," resulting in a lower criminal history score. (*See* Response, #10 at 11-12.)

6);

2.      Movant's claims are procedurally defaulted by his failure to raise them on direct appeal (*id.* at 7);

3.      the Motion to Vacate is untimely and barred under the statute of limitations in 28 U.S.C. § 2255 (*id.* at 7-8);

4.      Amendment 709 was a substantive amendment and thus not retroactive (*id.* at 8);

5.      discovery or an evidentiary hearing may be necessary to resolve whether Movant requested counsel to file a notice of appeal[2] (*id.* at 9-10);

6.      there was no valid basis for counsel to challenge Movant's criminal history points, and therefore counsel was not ineffective (*id.* at 10-12);

7.      Movant is not entitled to an adjusted sentence under Amendment 709 because it is not retroactively applicable (*id.* at 12).

On April 22, 2009, Movant filed his Reply (#11), arguing that:

1.      he cannot be held to a waiver of his appeal rights because Respondent has conceded the issue with regard to counsel's failure to file a notice of appeal (*id.* at 2-3);

2.      because his petition was filed within one year of the adoption of Amendment 709, it is timely (*id.* at 3-4);

3.      as held in *U.S. v. Horn,* 590 F.Supp.2d 976, 981 (M.D.Tenn.,2008), Amendment 709 can be applied retroactively, or it can be so if Movant is granted a delayed appeal (*id.* at 4-6);

4.      Respondent has stipulated that Movant is entitled to an evidentiary hearing on counsel's failure to file a notice of appeal (*id.* at 6-9);

5.      under *Horn*, this Court has discretion to apply Amendment 709 retroactively (*id.* at 9); and

---

[2] Trial counsel has declined to provide Respondent an affidavit on the issue, citing attorney-client privilege. (Response, #10 at 10.)

1    6.    Movant is entitled to an evidentiary hearing (*id.* at 9-10).

2

3                    **III. APPLICATION OF LAW TO FACTS**

4    **A.  WAIVER OF COLLATERAL ATTACK RIGHTS**

5        Respondents argue that Movant has waived his right to file the instant Motion to

6    Vacate.  Movant's plea agreement included a waiver of "any right to collaterally attack

7    defendant's conviction and sentence under Title 28, United States Code, Section 2255."

8    (Exhibit I, Plea Agreement, 3.) The present motion is just such a collateral attack.

9        **Enforceability of Waivers** - The Ninth Circuit regularly enforces "knowing and

10   voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part

11   of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and

12   do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996)

13   (cataloguing public policy exceptions).  Similarly, the right to collateral review may be

14   waived.  *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers

15   usefully preserve the finality of judgments and sentences imposed pursuant to valid plea

16   agreements. *See Baramdyka*, 95 F.3d at 843.

17        Moreover, the defendant's rights to challenge any sentencing errors may be explicitly

18   waived.  *See e.g. United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).   Further,

19   where a waiver specifically includes the waiver of the right to attack a sentence, then it also

20   waives "the right to argue ineffective assistance of counsel at sentencing." *U.S. v. Nunez,* 223

21   F.3d 956, 959  (9th Cir. 2000).

22        Granted, there are some flavors of errors at sentencing that are not waivable.  *See e.g.*

23   *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (sentence violates the terms of

24   the plea agreement); *United States v. Johnson,* 67 F.3d 200, 203 n. 6 (9th Cir.1995)

25   ("sentencing error could be entirely unforeseeable and therefore not barred"); *United States*

26   *v. Jacobson,* 15 F.3d 19 (2nd Cir.1994) (sentencing disparity among co-defendants based

27   entirely on race); *United States v. Marin,* 961 F .2d 493, 496 (4th Cir.1992) (sentence in

28   excess of maximum statutory penalty or based on a constitutionally impermissible factor such

as race). Here, however, Movant does not assert any error at sentencing, but simply asks for retroactive application of a subsequent amendment to the sentencing guidelines. Thus, Movant's sentencing claims remain subject to his waiver.

**Knowing and Voluntary Requirement** - It is true that to be enforceable, such waivers must be made "knowingly and voluntarily." *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994). However, Movant makes no assertion that his plea or waivers were not knowing and voluntary.

The Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

To be sure, Movant asserts the ineffectiveness of counsel in his Motion. However, that ineffectiveness is not related to counsel's advice with regard to the plea. Rather, Movant's complaints about Counsel are post-plea. In Ground 2, he challenges counsel's conduct with respect to the appeal. In Ground 3, he complains about counsel's conduct at sentencing. Neither of these claims would affect the voluntariness of Movant's then already entered plea and waiver.[3]

**Waiver of Challenges Based on Failure to Appeal** - Movant asserts that his claim in Ground 2 based on counsel's failure to file a notice of appeal is not subject to a waiver. (Reply, #11 at 2-3.) Movant apparently relies on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in which the Supreme Court held that the failure to file a *requested* notice of appeal is *per se* ineffective assistance of counsel, with or without a showing that the appeal would

---

[3] Further, as noted above, Movant's attack on counsel's effectiveness at sentencing would be subject to his waiver of his right to attack his sentence. *See Nunez,* 223 F.3d at 959.

have merit.[4]  The Ninth Circuit has held that this principle extends to claims that the appeal would be without merit because it would be barred by a waiver of appeal rights.  *U.S. v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005).  *See also U.S. v. Tapp*, 491 F.3d 263 (5th Cir. 2007) (citing cases from 2nd, 10th, and 11th circuits).  *But see Nunez v. United States*, 546 F.3d 450, 453-455 (7th Cir. 2008), *vac'd on other grounds,* 127 S.Ct. 2990 (2008) (rejecting *Sandoval-Lopez* and similar cases from other circuits, and holding counsel could choose to rely on the instruction implicit in the waiver); and *United States v. Mabry,* 536 F.3d 231 (3d Cir. 2008) (same).

However, resolving whether a waiver renders an ineffective assistance claim invalid is different from resolving whether an ineffective assistance claim renders a waiver invalid. What is at issue here is not the validity of Movant's claim that counsel was ineffective for failing to file an appeal.  Rather, what is at issue here is the enforceability of Movant's waiver of his right to assert such a claim in a collateral attack.  Nothing in *Flores-Ortega* or *Sandoval-Lopez* would render Movant's waiver unenforceable.

Even if one assumes that counsel neglected an instruction to file a notice of appeal, and thus was ineffective (despite Movant's waiver of his right to file such an appeal), such post-plea ineffectiveness has no impact on the validity or enforceability of Movant's waiver of his collateral attack rights.  Indeed, neither *Flores-Ortega* nor *Sandoval-Lopez* encompassed a waiver of collateral attack rights.[5]

In his Reply, Movant makes much of Respondent's purported concession that his right to raise this failure-to-appeal claim is not waived.  However, Respondent has not explicitly

---

[4]  Conversely, the *Flores-Ortega* Court found that where there was no express direction from a defendant to appeal, the effect of a guilty plea and its resulting waivers was relevant to determining whether counsel had been effective in counseling the defendant about appeal.  528 U.S. at 479-480.

[5]  Neither did *Rodriguez v. U.S.*, 395 U.S. 327 (1969) in which the Supreme Court held that a § 2255 movant asserting counsel's failure to file a notice of appeal was not required to show meritorious claims for appeal before being granted relief and a delayed appeal.

made such a concession.  Instead, Respondent  noted that "Petitioner's allegation the Mr. Crow failed to file a notice of appeal *may not have been waived* on this basis for the reasons discussed *infra* at C2(b)."  (Response, #10 at 7, n. 5 (emphasis added).)     While the discussion at C2(b) focused on *Sandoval-Lopez* and it's application to waivers of appeal rights, Respondent makes no reference in that section to any effect on collateral attack rights.  (*See* Response, #10 at 9-10.)  Thus, the undersigned finds no concession by Respondent that this claim is not subject to the waiver of collateral attack rights.

Based on the foregoing, the undersigned concludes that Movant's claim based on counsel's failure to file a notice of appeal is precluded by his waiver of his collateral attack rights.[6]

## B.  STATUTE OF LIMITATIONS

Respondent also argues that Movant's motion is barred by the statue of limitations.  The statute of limitations applicable to habeas proceedings by federal prisoners has been codified at 28 U.S.C. § 2255, which provides for a "1-year period of limitation" which normally runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.

Although §2255 does not define "final", the Supreme Court has applied its ordinary standard of finality.  "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003). "We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, §2255's one-year limitation period starts to run when the time for seeking such review expires."  *Id.* at 532.  A federal criminal defendant has ten days after "entry" of the

---

[6] The undersigned is not unmindful of the extent to which this would foreclose any effort by Movant to seek a direct appeal once counsel failed to file the notice.  However, the very purpose of waivers of appellate and collateral attack rights is to cut off claims, even if otherwise  valid.

judgment being appealed to file a notice of appeal. Fed. R. App. P. 4(b). "Entry" of a judgment occurs not upon pronouncement, or signing, but upon docketing by the clerk of the court. *See Manson v. U.S.*, 288 F.2d 807 (9th Cir. 1961).

Here, Movant's judgment was docketed on January 31, 2007. (CR#65.) Thus, his time to appeal expired on February 14, 2007, and his one year began running thereafter and expired on February 14, 2008. His present motion was not filed until November 10, 2008, and thus is almost nine months delinquent.

**Change in the Law** - Movant protests that his one year should not begun to run until the adoption of Amendment 709. It is true that an alternate commencement date for the one year is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Here, however, Amendment 709 was not a "right initially recognized by the Supreme Court," but an amendment to the sentencing guidelines. Moreover, those amendments have never been "made retroactively applicable to cases on collateral review."

Indeed, binding Ninth Circuit precedent holds that Amendment 709 "was a substantive change, not a clarifying change, and does not apply retroactively." *U.S. v. Marler,* 527 F.3d 874, 878 (9th Cir. 2008).

Movant argues that other courts have held to the contrary, citing *U.S. v. Horn,* 590 F.Supp.2d 976, 981 (M.D.Tenn.,2008) (finding limitation on retroactive application of amendments an improper usurping of judicial discretion under *Booker et al.,* and applying Amendment 709 on resentencing pursuant to 18 U.S.C. § 3582). However, regardless of any merits of the decision in *Horn*, this Court is not bound by the decisions of the District Court of the Middle District of Tennessee, but by the Ninth Circuit.

Thus, the Ninth Circuit's decision in *Marler* not only puts to bed any claim that Amendment 709 is retroactive, it also puts to bed any claim that this Court has the continuing discretion to amend Movant's sentence to comport with Amendment 709. (*See* Reply, #11 at 9.) Nor does Movant gain any ground with his circuitous argument that if he is granted

relief in the form of a delayed appeal, his conviction will no longer be final and Amendment 709 could be prospectively applied to him.  (*Id.* at 5-6.)

Accordingly, Movant's motion remains untimely, despite his reliance on Amendment 709.

**Equitable Tolling** - In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit held the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled.   To be entitled to such tolling, Movant must "demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *Id.* at 1197 (quoting *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003)).  Here, Movant proffers no extraordinary circumstances which preclude a timely filing.  The undersigned finds none.

## C. EVIDENTIARY HEARING

Movant argues that he is entitled to an evidentiary hearing to establish his instruction to counsel to file a notice of appeal. The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir.1998).   2003).  Because the undersigned finds Movant's claim both procedurally defaulted and barred by the statute of limitations, the existence of such facts is irrelevant to the resolution of this matter, and no evidentiary hearing is required.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 10, 2008 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1  Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

2  *Appellate Procedure*, should not be filed until entry of the district court's judgment.

3      However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

4  have ten (10) days from the date of service of a copy of this recommendation within which

5  to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section

6  2255 Proceedings. Thereafter, the parties have ten (10) days within which to file a response

7  to the objections.  Failure to timely file objections to any factual or legal determinations of

8  the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration

9  of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en*

10  *banc*).

11

12  DATED: October 21, 2009                    _____

13  S:\Indiv\JmBradBs 2004-0016 RR 09 10 to MV\scan.wpd                JAY R. IRWIN
                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28